JUANA JOSEFA CASTILLO PIETRI HERNÁNDEZ ET AL., Plaintiffs and Appellants, *v.* RAFAEL PICÓ, SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 12076. Decided June 27, 1961.

*Víctor Gutiérrez Franqui, Luis F. Sánchez Vilella* and *C. Morales, Jr.* for appellant. *J. B. Fernández Badillo, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *José A. García Malpica, Assistant Attorney General,* for appellee.

PER CURIAM.

The appellant assigns in her brief the commission of the following errors:

"1. The trial court erred in determining *sub silentio* that Margarita Pietri had received undistributed profits from a partnership known as Sucn. José Castillo Mercado.

"2. The court erred in disallowing *sub silentio* the credit against the tax determined in the deficiencies of Margarita Pietri of the tax already paid by the latter in the original return filed."

In petition No. 12075, *Heirs of Castillo v. Sec. of the Treasury, ante,* p. 94, we just held today that the Heirs of José Castillo Mercado constituted, for the purposes of tax law, a joint venture and that it was taxable as a partnership. Therefore, the participation or right to participate of Margarita Pietri in the gains received by the part-

nership Sucn. José Castillo Mercado is taxable. *Buscaglia, Treas.* v. *Tax Court*, 69 P.R.R. 700.

The first error was not committed; neither was the second. The following exposition made by the appellee is correct:

"According to the allegations of the litigants, what the appellant seeks is the credit or reimbursement of part of the income tax paid by the alleged partnership Sucn. José Castillo Mercado. However, according to the position taken by the Secretary of the Treasury and upheld by the Superior Court, the said Sucn. Castillo Mercado constituted a joint venture or partnership for the taxable years in litigation, which gave rise to a notice of tax deficiencies. In determining that deficiency the Secretary of the Treasury credited to it the income tax paid by the heirs and notified the difference as a tax deficiency. Furthermore, the Secretary of the Treasury also notified a deficiency to the appellant for her participation or right to participate in the profits received by the partnership 'Sucn. José Castillo Mercado.' Hence, not only did the partnership 'Sucn. José Castillo Mercado' owed a tax deficiency to the public treasury, but also the appellant, as participant or member of such partnership, owed a tax deficiency on the income received as participant in the gains of such partnership. It is therefore clear, on the basis of the situation of facts discussed above, that the appellant is not entitled to any credit or reimbursement of money paid by the partnership 'Sucn. José Castillo Mercado' by way of income tax (*cf. Calaf* v. *Sec. of the Treasury*, 76 P.R.R. 540, 543-47), since the appellant as well as the partnership 'Sucn. José Castillo Mercado' owes to the public treasury the tax deficiencies object of litigation in case 12075 and in the instant case, respectively.

"The appellant's contention that the judgment *nunc pro tunc* rendered by the Superior Court on October 19, 1954, deprives her of a right acquired by virtue of the judgment of that court of October 1, 1954, seems so absurd that we need not discuss it. Such contention of the appellant is tantamount to holding that a court is barred from correcting errors committed in a judgment after becoming aware of them." (Brief for the appellee, pp. 9 and 10.)

The judgment rendered by the Superior Court will be affirmed.